## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is by and between Emanuel Amadis (hereinafter "Amadis") and Newcastle Realty Services LLC, Margaret Streicker Porres, 146 East 19th Street LLC, GSA Manager I Inc., and 120 East 19th Street GSA I LLC (collectively "Newcastle"). The parties desire to fully resolve all issues arising out of or related to Jimenez's employment with Newcastle. Therefore, intending to be legally bound and in consideration of the mutual promises contained herein, the parties agree as follows:

1. **Payments**. In consideration for the promises and releases by Amadis set forth in this Agreement, Newcastle agrees to cause to be paid to Amadis amounts based on the gross sum of Thirty Eight Thousand Nineteen Dollars ($38,019.00) (the "Gross Settlement Payment") which shall be allocated and payable as set forth below:

a) Payment based on the gross amount of Six Thousand Two Hundred Dollars ($6,200.00) shall be paid to Amadis, representing settlement of all claims for back pay, front pay, and all other wage claims, from which all required local, state, and federal taxes shall be withheld, and for which an IRS Form W-2 shall issue;

b) Payment in the amount of Nine Thousand One Hundred Fifty Dollars ($9,150.00) shall be paid to Amadis, representing reimbursement for and settlement of all claims for lost property, from which no taxes shall be withheld;

c) Payment in the amount of Ten Thousand Five Hundred Dollars ($10,500.00) shall be paid to Amadis, representing settlement of all claims for alleged liquidated damages and claims relating to wage notices and statements, from which no taxes shall be withheld but for which an IRS Form 1099 shall issue; and

d) Payment in the amount of Twelve Thousand One Hundred Sixty Nine Dollars ($12,169.00) shall be paid to Rapaport Law Firm, PLLC, representing settlement of all claims for alleged reasonable attorney fees, from which no taxes shall be withheld but for which an IRS Form 1099 shall issue.

2. **Time of Payments**.

a) All payments set forth in Paragraph 1 shall be delivered to or mailed to the attention of Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, New York 10119, within thirty (30) days of the Effective Date, as defined in Paragraph 19 herein.

b) In the event that Newcastle fails to remit the full Gross Settlement Proceeds within the time period set forth in subparagraph 2(a) above: (i) Amadis may issue a notice of default to Newcastle's counsel via overnight mail; (ii) if Newcastle does not cure and pay all amounts due and owing within thirty (30) days of issuance of the notice of default, Amadis shall be entitled to recover reasonable attorneys' fees and costs incurred in connection with collecting amounts due and owing, and (iii) if Newcastle fails to deliver the full Gross Settlement Proceeds so that they are received, in hand, at Rapaport Law Firm, PLLC within thirty (30) days after issuance of the notice of default, Amadis shall be entitled to enter judgment in the sum outstanding against Newcastle, for which all entities and individuals defined collectively above as Newcastle shall be jointly and severally responsible.

3. **Consideration**. Amadis and Newcastle acknowledge that the sums and/or benefits provided to them or on their behalf pursuant to this Agreement are good and valuable consideration to which they are not otherwise entitled.

4. **General Release by Amadis and Limited Release by Newcastle**.

a) In consideration for the benefits set forth above and elsewhere in this Agreement, consideration which Amadis agrees is in addition to anything of value to which he is already entitled, Amadis releases and discharges Newcastle, and its each of its parents, subsidiaries, successors, operating units, assigns, affiliates, related corporations and entities and all of their owners, employees, supervisors, officers, directors, and agents, officials, insurers, stockholders, pension and benefit plans and their trustees, administrators and fiduciaries, agents, attorneys, and any person or entity which can be held jointly and severally liable with any of them, including but not limited to: Margaret Streicker Porres; 146 East 19th Street LLC; GSA Manager I Inc.; 120 East 19th Street GSA I LLC; 101 West 78th LLC; Ocean 483 LP; 941 Washington Avenue LP; Ocean 31 LP; First Ocean Realty Management LLC; 165 East 19th Street GSA 1 LLC; 287 East 18th Street LLC; 1803 Beverly Road LLC; Ocean 230 LP; Riverside 676 LLC 612 West 144 LP; Washington 921 LP; Metro Payroll Services I; Sentinel Real Estate Corporation (collectively the "Released Parties"), from any and all claims, liabilities, demands, and causes of action, known or

- 2 -

unknown, fixed or contingent, which Amadis may have or claim to have against the Released Parties including, without limitation, claims arising out of or in any way connected to Amadis's employment or termination of employment with Newcastle. By this Agreement, Amadis knowingly and voluntarily waives any and all claims under any and all laws which provide legal restrictions on the right of the Released Parties to terminate Amadis's employment or to affect the terms and conditions of Amadis's employment, including but not limited to claims under any federal, state, or other governmental statute, regulation or ordinance, including, without limitation: (1) the Fair Labor Standards Act ("FLSA");  (2) the New York Labor Law (NYLL") (including but not limited to the Retaliatory Action by Employers Law, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law); (3) Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991; (4) the Americans With Disabilities Act ("ADA"); (5) the New York State Human Rights Law; (6) The Family and Medical Leave Act ("FMLA"); (7) Sections 1981 through 1988 of Title 42 of the United States Code; (8) the Employee Retirement Income Security Act of 1974 ("ERISA"); (9) the Labor Management Relations Act ("LMRA"); (10) the Occupational Safety and Health Act ("OSHA"); (11) the New York Civil Rights Law; (12) Section 125 of the New York Workers' Compensation Law; (13) all of the respective implementing regulations and/or any other federal, state or local laws of a similar nature to any of the foregoing enumerated laws and any amendments to the foregoing statutes. Amadis also waives all other common law or statutory claims against the Released Parties, including but not limited to personal injury, wrongful discharge, public policy, negligence, infliction of emotional distress, whistleblower, retaliation, negligent hiring or retention, and any other contract or tort claims whether negligent, reckless or intentional. **Provided, however**, that in accordance with the ADEA (29 U.S.C. § 626(f)), nothing in this Agreement shall be construed as a waiver of any rights or claims that arise after Amadis signs this Agreement.

b) In consideration for Amadis's release of claims recited herein, Newcastle agrees to a limited release of Amadis for any and all wage and hour related claims, liabilities, demands, and causes of action, known or unknown, fixed or contingent, which relate specifically to Amadis's wage and hour claims asserted pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the lawsuit bearing caption **Emanuel Amadis and James Jimenez, individually and on behalf of all others similarly situated, v. Newcastle Realty Services, LLC d/b/a New Castle Realty and d/b/a New Castle Realty Service; Margaret Streicker Porres; 146 East 19th Street LLC; GSA Manager I Inc., 120 East 19th Street GSA**

**I LLC; 101 West 78ᵗʰ LLC; and all related entities, 1:17-cv-08116-WHP**. Newcastle specifically does not release any claims against Amadis sounding in tort.

5. **Exclusions**. Amadis is not waiving any future rights or claims under the ADEA. Amadis also is not waiving any rights or claims which cannot legally be waived by this Agreement, including without limitation, unemployment compensation claims, workers' compensation claims or the ability to file certain administrative claims. Subject to the foregoing, this Agreement shall operate as a general release of any and all claims to the fullest extent of applicable law.

6. **Waiver of Administrative Recoveries**. With the exception of unemployment and worker's compensation claims, Amadis waives any right to any individual monetary or economic recovery or equitable relief against the Released Parties in any administrative proceeding or in any action, lawsuit, hearing or other proceeding instituted by any agency, person or entity.

7. **Covenants Regarding Work-Related Injuries**. Amadis covenants that he does not suffer from or have knowledge of any work-related injury or illness suffered during or exacerbated by any employment with Newcastle and that he has an earning capacity which is not limited by any work-related injury or illness.

8. **Covenants Regarding Wages.** Amadis covenants that he is not owed or entitled to any additional compensation in the form of salary, wages, overtime, vacation pay, fringe benefits or otherwise, related to employment with Newcastle or the Released Parties.

9. **Covenants Regarding Re-Employment and Entry Upon Premises**. Amadis and Newcastle agree that Amadis's employment with Newcastle has ended forever. Amadis agrees to waive and release any right to employment, reinstatement, or reemployment with Newcastle, and agrees that Newcastle will never be obligated to offer or provide him with employment. Amadis agrees that he will never knowingly apply for employment with (nor to request to provide services as a contractor for) Newcastle or any of the Released Parties. Amadis further agrees that he will not enter upon the premises of Newcastle or any of the Released Parties. As used herein, the term "premises" means that Ms. Amadis will not come on to any properties which are known by him to be rented, owned or serviced by Newcastle or the Released Parties.

10. **Confidentiality and Non-Disclosure**. Amadis and Newcastle agree that they shall not disclose the underlying facts that led up to this Agreement or the terms, amount, or existence of

this Agreement to anyone other than their attorneys, tax preparers and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality requirement will be treated as a violation of this Agreement by the party to this Agreement who disclosed the information. This subsection does not prohibit Amadis or Newcastle from disclosure of the terms, amount, or existence of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required. Amadis acknowledges that Newcastle and the other Released Parties would be irreparably harmed if this subsection is violated, and that Newcastle will be entitled to an injunction prohibiting Amadis from committing any such violation.

11. **Consequences of Violating Promises**. Amadis agrees to pay the reasonable attorneys' fees and any damages the Released Parties may incur as a result of his breaching a promise he made in this Agreement, or if any representation Amadis made in this Agreement was false when made.

12. **Non-Disparagement**. Amadis agrees not to disparage, denigrate, or criticize Newcastle or the Released Parties. Newcastle agrees that none of its Officers or Directors will disparage, denigrate, or criticize Amadis.

13. **Promise Not to Litigate Released Claims**. Except as specifically identified below, Amadis has not filed or caused to be filed any lawsuit, complaint, or charge with respect to any claim this Agreement purports to release. Amadis promises never to pursue any claim that is released by signing this Agreement, whether by means of a lawsuit, arbitration, or otherwise, and whether as a named plaintiff, class member, or otherwise. Amadis agrees to promptly dismiss with prejudice or withdraw from any such action that is currently pending. However, this Agreement does not prohibit Amadis from filing a charge with any government administrative agency (such as the EEOC) as long as Amadis does not personally seek any reinstatement, damages, remedies, or other relief for himself personally as to any claim that has released, any right to which Amadis hereby waives. Amadis agrees to voluntarily dismiss with prejudice the lawsuit bearing caption **Emanuel Amadis and James Jimenez, individually and on behalf of all others similarly situated, v. Newcastle Realty Services, LLC d/b/a New Castle Realty and d/b/a New Castle Realty Service; Margaret Streicker Porres; 146 East 19th Street LLC; GSA Manager I Inc., 120 East 19th Street GSA I LLC; 101 West 78th LLC; and all related entities, 1:17-cv-08116-WHP**.

14. **Waiver of Attorney's Fees and Costs**.  Except as provided herein, Amadis waives any and all claims he has or may have against Newcastle or any Newcastle Released Party for attorney's fees and costs.

15. **Non-Admission of Liability**.  It is expressly understood that this Agreement is made in compromise of disputed claims in order to avoid the expense and inconvenience of litigation.  By making this Agreement, Newcastle does not directly or indirectly or by implication admit any violation of any law, statute, regulation, or ordinance.

16. **Governing Law**.  This Agreement shall be performed, interpreted and enforced according to the laws of the state of New York without regard to any choice of law provisions thereof.

17. **Terms Negotiated**.  Amadis has had the right to negotiate over the terms of this Agreement and agrees that this Agreement shall not be construed as drafted solely by Newcastle. Rather, this Agreement shall be construed as mutually agreed upon terms which were the product of good faith and arms-length negotiations between equal parties, each represented by counsel. Amadis agrees that this Agreement is not unconscionable, unfair, the product of unfair bargaining power or a contract of adhesion.

18. **Binding Arbitration**.  Should any disputes arise relating to Paragraphs 1-9 or 11-26 of this Agreement, the parties agree to submit to neutral, binding arbitration before Mediator Carol A. Wittenberg of JAMS in New York, New York.  Nothing in this Paragraph will prevent or interfere with the parties' right to seek injunctive relief or any other relief to which they may be entitled in a Court of competent jurisdiction for disputes relating to Paragraph 10 of this Agreement.

19. **Effective Date**.  This Agreement shall not become effective until the latest occurrence of: (1) counsel for Amadis providing to Newcastle a completed IRS Form W-9 with respect to all recipients of the Gross Settlement Proceeds and (2) counsel for Amadis filing with the court the Notice of Voluntary Dismissal With Prejudice, in the form attached hereto.

20. **Severability**.  This Agreement and each of its parts shall be severable and, if any provision is determined to be void, invalid or unenforceable, the remainder of this Agreement shall be fully enforced without such term(s).

- 6 -

21. **Headings**. Headings in this Agreement are for convenience only and shall have no legal effect.

22. **Full Understanding**. Amadis agrees that the terms of this Agreement are clear, are written in language which he understands and that he has a full understanding of the terms and significance of this Agreement.

23. **Right to Counsel**. Amadis has hereby been advised in writing to consult with an attorney before executing this Agreement and represents that he has, in fact, consulted with his attorneys, Rapaport Law Firm, PLLC, to the extent he deems appropriate. Amadis has had a full opportunity to review this Agreement and has done so. Amadis understands the nature of the general release of all claims contained in this Agreement and intends to be legally bound by it. Amadis has been represented by legal counsel in relation to this Agreement and is satisfied with the representation provided by his legal counsel.

24. **Execution of Documents**. Amadis agrees to execute any documents and to take any other actions necessary to implement the terms of this Agreement, including but not limited to providing any requested tax information and to execute any documents necessary to withdraw and close any complaints or any other proceedings.

25. **Prior Agreements**. The terms of this Agreement shall supersede any prior agreements between the parties and terminate each of the parties' respective obligations and entitlements under such prior agreements.

26. **Entire Agreement**. This Agreement sets forth the terms of the entire agreement between Amadis and Newcastle. It is understood that if this Agreement is not executed by Amadis, the terms of this Agreement shall be null, void, ineffective and unenforceable. Amadis shall not be entitled to any benefit or consideration not set forth in this Agreement nor shall Amadis be entitled to any duplication of the consideration or benefits described in this Agreement. No oral statement of any person whatsoever shall in any manner or degree modify or otherwise affect the terms and provisions of this Agreement.

**On Behalf of Newcastle Realty Services LLC**

By: ___Margaret Stricker Porres___
               5/8/2018
Dated: _____

**On Behalf of 146 East 19th Street LLC**

By: _____ , Treasurer of its Manger, GSA Manger Inc

Dated: _____May 3, 2018_____

**On Behalf of GSA Manager I Inc.**

By: _____ , Treasurer

Dated: _____May 3, 2018_____

**On Behalf of 120 East 19th Street GSA I LLC**

By: _____ , Treasurer of its Manager, GSA Manager Inc

Dated: _____May 3, 2018_____


_____

**Margaret Streicker Porres**

Dated: _____


_____

**Emanuel Amadis**

Dated: _____

**On Behalf of 146 East 19th Street LLC**

By: _____

Dated: _____

**On Behalf of GSA Manager I Inc.**

By: _____

Dated: _____

**On Behalf of 120 East 19th Street GSA I LLC**

By: _____

Dated: _____


_Margaret Streicker Porres_
**Margaret Streicker Porres**
                5/8/2018
Dated: _____


_____
**Emanuel Amadis**

Dated: _____

**On Behalf of 146 East 19th Street LLC**

By: _____

Dated: _____

**On Behalf of GSA Manager I Inc.**

By: _____

Dated: _____

**On Behalf of 120 East 19th Street GSA I LLC**

By: _____

Dated: _____

_____
**Margaret Streicker Porres**

Dated: _____

_____
**Emanuel Amadis**

Dated: _____

- 8 -

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is by and between James Jimenez (hereinafter "Jimenez") and Newcastle Realty Services LLC, Margaret Streicker Porres, 146 East 19th Street LLC, GSA Manager I Inc., and 120 East 19th Street GSA I LLC, (collectively "Newcastle"). The parties desire to fully resolve all issues arising out of or related to Jimenez's employment with Newcastle. Therefore, intending to be legally bound and in consideration of the mutual promises contained herein, the parties agree as follows:

1.  **Payments**.  In consideration for the promises and releases by Jimenez set forth in this Agreement, Newcastle agrees to cause to be paid to Jimenez amounts based on the gross sum of Thirty Eight Thousand Nineteen Dollars ($36,481.00) (the "Gross Settlement Payment") which shall be allocated and payable as set forth below:

    a) Payment based on the gross amount of Thirteen Thousand Eight Hundred Twelve Dollars ($13,812.00) shall be paid to Jimenez, representing settlement of all claims for back pay, front pay, and all other wage claims, from which all required local, state, and federal taxes shall be withheld, and for which an IRS Form W-2 shall issue;

    b) Payment in the amount of Ten Thousand Five Hundred Dollars ($10,500.00) shall be paid to Jimenez, representing settlement of all claims for alleged liquidated damages and claims relating to wage notices and statements, from which no taxes shall be withheld but for which an IRS Form 1099 shall issue; and

    c) Payment in the amount of Twelve Thousand One Hundred Sixty Nine Dollars ($12,169.00)  shall be paid to Rapaport Law Firm, PLLC, representing settlement of all claims for alleged reasonable attorney fees, from which no taxes shall be withheld but for which an IRS Form 1099 shall issue.

2.  **Time of Payments**.

    a) All payments set forth in Paragraph 1 shall be delivered to or mailed to the attention of Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, New York 10119, within thirty (30) days of the Effective Date, as defined in Paragraph 19 herein.

    b) In the event that Newcastle fails to remit the full Gross Settlement Proceeds within the time period set forth in subparagraph 2(a) above: (i) Jimenez may issue a notice of default to Newcastle's counsel via overnight mail; (ii) if Newcastle does not cure and pay all amounts due

and owing within thirty (30) days of issuance of the notice of default, Jimenez shall be entitled to recover reasonable attorneys' fees and costs incurred in connection with collecting amounts due and owing, and (iii) if Newcastle fails to deliver the full Gross Settlement Proceeds so that they are received, in hand, at Rapaport Law Firm, PLLC within thirty (30) days after issuance of the notice of default, Jimenez shall be entitled to enter judgment in the sum outstanding against Newcastle, for which all entities and individuals defined collectively above as Newcastle shall be jointly and severally responsible.

3.    **Consideration**. Jimenez and Newcastle acknowledge that the sums and/or benefits provided to them or on their behalf pursuant to this Agreement are good and valuable consideration to which they are not otherwise entitled.

4.    **General Release by Jimenez and Limited Release by Newcastle**.

a) In consideration for the benefits set forth above and elsewhere in this Agreement, consideration which Jimenez agrees is in addition to anything of value to which he is already entitled, Jimenez releases and discharges Newcastle, and its each of its parents, subsidiaries, successors, operating units, assigns, affiliates, related corporations and entities and all of their owners, employees, supervisors, officers, directors, and agents, officials, insurers, stockholders, pension and benefit plans and their trustees, administrators and fiduciaries, agents, attorneys, and any person or entity which can be held jointly and severally liable with any of them, including but not limited to: Margaret Streicker Porres; 146 East 19th Street LLC; GSA Manager I Inc.; 120 East 19th Street GSA I LLC; 101 West 78th LLC; Ocean 483 LP; 941 Washington Avenue LP; Ocean 31 LP; First Ocean Realty Management LLC; 165 East 19th Street GSA 1 LLC; 287 East 18th Street LLC; 1803 Beverly Road LLC; Ocean 230 LP; Riverside 676 LLC 612 West 144 LP; Washington 921 LP; Metro Payroll Services I; Sentinel Real Estate Corporation  (collectively the "Released Parties"), from any and all claims, liabilities, demands, and causes of action, known or unknown, fixed or contingent, which Jimenez may have or claim to have against the Released Parties including, without limitation, claims arising out of or in any way connected to Jimenez's employment or termination of employment with Newcastle.  By this Agreement, Jimenez knowingly and voluntarily waives any and all claims under any and all laws which provide legal restrictions on the right of the Released Parties to terminate Jimenez's employment or to affect the terms and conditions of Jimenez's employment, including but not limited to claims under any federal, state, or other governmental statute, regulation or ordinance, including, without limitation: (1) the Fair Labor Standards Act ("FLSA");  (2) the New York Labor Law (NYLL")

(including but not limited to the Retaliatory Action by Employers Law, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law); (3) Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991; (4) the Americans With Disabilities Act ("ADA"); (5) the New York State Human Rights Law; (6) The Family and Medical Leave Act ("FMLA"); (7) Sections 1981 through 1988 of Title 42 of the United States Code; (8) the Employee Retirement Income Security Act of 1974 ("ERISA"); (9) the Labor Management Relations Act ("LMRA"); (10) the Occupational Safety and Health Act ("OSHA"); (11) the New York Civil Rights Law; (12) Section 125 of the New York Workers' Compensation Law; (13) all of the respective implementing regulations and/or any other federal, state or local laws of a similar nature to any of the foregoing enumerated laws and any amendments to the foregoing statutes.  Jimenez also waives all other common law or statutory claims against the Released Parties, including but not limited to personal injury, wrongful discharge, public policy, negligence, infliction of emotional distress, whistleblower, retaliation, negligent hiring or retention, and any other contract or tort claims whether negligent, reckless or intentional. **Provided, however,** that in accordance with the ADEA (29 U.S.C. § 626(f)), nothing in this Agreement shall be construed as a waiver of any rights or claims that arise after Jimenez signs this Agreement.

b) In consideration for Jimenez's release of claims recited herein, Newcastle agrees to a limited release of Jimenez for any and all wage and hour related claims, liabilities, demands, and causes of action, known or unknown, fixed or contingent, which relate specifically to Jimenez's wage and hour claims asserted pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the lawsuit bearing caption **Emanuel Amadis and James Jimenez, individually and on behalf of all others similarly situated, v. Newcastle Realty Services, LLC d/b/a New Castle Realty and d/b/a New Castle Realty Service; Margaret Streicker Porres; 146 East 19th Street LLC; GSA Manager I Inc., 120 East 19th Street GSA I LLC; 101 West 78th LLC; and all related entities, 1:17-cv-08116-WHP**. Newcastle specifically does not release any claims against Jimenez sounding in tort.

5.   **Exclusions**.  Jimenez is not waiving any future rights or claims under the ADEA. Jimenez also is not waiving any rights or claims which cannot legally be waived by this Agreement, including without limitation, unemployment compensation claims, workers' compensation claims or the ability to file certain administrative claims.  Subject to the foregoing, this Agreement shall operate as a general release of any and all claims to the fullest extent of applicable law.

6.    **Waiver of Administrative Recoveries**.  With the exception of unemployment and worker's compensation claims, Jimenez waives any right to any individual monetary or economic recovery or equitable relief against the Released Parties in any administrative proceeding or in any action, lawsuit, hearing or other proceeding instituted by any agency, person or entity.

7.    **Covenants Regarding Work-Related Injuries**.  Jimenez covenants that he does not suffer from or have knowledge of any work-related injury or illness suffered during or exacerbated by any employment with Newcastle and that he has an earning capacity which is not limited by any work-related injury or illness.

8.    **Covenants Regarding Wages**.  Jimenez covenants that he is not owed or entitled to any additional compensation in the form of salary, wages, overtime, vacation pay, fringe benefits or otherwise, related to employment with Newcastle or the Released Parties.

9.    **Covenants Regarding Re-Employment and Entry Upon Premises**.  Jimenez and Newcastle agree that Jimenez's employment with Newcastle has ended forever.  Jimenez agrees to waive and release any right to employment, reinstatement, or reemployment with Newcastle, and agrees that Newcastle will never be obligated to offer or provide him with employment. Jimenez agrees that he will never knowingly apply for employment with (nor to request to provide services as a contractor for) Newcastle or any of the Released Parties.  Jimenez further agrees that he will not enter upon the premises of Newcastle or any of the Released Parties.  As used herein, the term "premises" means that Ms. Jimenez will not come on to any properties which are known by him to be rented, owned or serviced by Newcastle or the Released Parties.

10.    **Confidentiality and Non-Disclosure**.  Jimenez and Newcastle agree that they shall not disclose the underlying facts that led up to this Agreement or the terms, amount, or existence of this Agreement to anyone other than their attorneys, tax preparers and, even as to such a person, only if the person agrees to honor this confidentiality requirement.  Such a person's violation of this confidentiality requirement will be treated as a violation of this Agreement by the party to this Agreement who disclosed the information.  This subsection does not prohibit Jimenez or Newcastle from disclosure of the terms, amount, or existence of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required.  Jimenez acknowledges that Newcastle and the other Released Parties

would be irreparably harmed if this subsection is violated, and that Newcastle will be entitled to an injunction prohibiting Jimenez from committing any such violation.

11. **Consequences of Violating Promises**. Jimenez agrees to pay the reasonable attorneys' fees and any damages the Released Parties may incur as a result of his breaching a promise he made in this Agreement, or if any representation Jimenez made in this Agreement was false when made.

12. **Non-Disparagement**. Jimenez agrees not to disparage, denigrate, or criticize Newcastle or the Released Parties. Newcastle agrees that none of its Officers or Directors will disparage, denigrate, or criticize Jimenez.

13. **Promise Not to Litigate Released Claims**. Except as specifically identified below, Jimenez has not filed or caused to be filed any lawsuit, complaint, or charge with respect to any claim this Agreement purports to release. Jimenez promises never to pursue any claim that is released by signing this Agreement, whether by means of a lawsuit, arbitration, or otherwise, and whether as a named plaintiff, class member, or otherwise. Jimenez agrees to promptly dismiss with prejudice or withdraw from any such action that is currently pending. However, this Agreement does not prohibit Jimenez from filing a charge with any government administrative agency (such as the EEOC) as long as Jimenez does not personally seek any reinstatement, damages, remedies, or other relief for himself personally as to any claim that has released, any right to which Jimenez hereby waives. Jimenez agrees to voluntarily dismiss with prejudice the lawsuit bearing caption **Emanuel Amadis and James Jimenez, individually and on behalf of all others similarly situated, v. Newcastle Realty Services, LLC d/b/a New Castle Realty and d/b/a New Castle Realty Service; Margaret Streicker Porres; 146 East 19th Street LLC; GSA Manager I Inc., 120 East 19th Street GSA I LLC; 101 West 78th LLC; and all related entities, 1:17-cv-08116-WHP**.

14. **Waiver of Attorney's Fees and Costs**. Except as provided herein, Jimenez waives any and all claims he has or may have against Newcastle or any Newcastle Released Party for attorney's fees and costs.

15. **Non-Admission of Liability**. It is expressly understood that this Agreement is made in compromise of disputed claims in order to avoid the expense and inconvenience of litigation. By making this Agreement, Newcastle does not directly or indirectly or by implication admit any violation of any law, statute, regulation, or ordinance.

16.   **Governing Law**.  This Agreement shall be performed, interpreted and enforced according to the laws of the state of New York without regard to any choice of law provisions thereof.

17.   **Terms Negotiated**.   Jimenez has had the right to negotiate over the terms of this Agreement and agrees that this Agreement shall not be construed as drafted solely by Newcastle. Rather, this Agreement shall be construed as mutually agreed upon terms which were the product of good faith and arms-length negotiations between equal parties, each represented by counsel. Jimenez agrees that this Agreement is not unconscionable, unfair, the product of unfair bargaining power or a contract of adhesion.

18.   **Binding Arbitration**. Should any disputes arise relating to Paragraphs 1-9 or 11-26 of this Agreement, the parties agree to submit to neutral, binding arbitration before Mediator Carol A. Wittenberg of JAMS in New York, New York.  Nothing in this Paragraph will prevent or interfere with the parties' right to seek injunctive relief or any other relief to which they may be entitled in a Court of competent jurisdiction for disputes relating to Paragraph 10 of this Agreement.

19.   **Effective Date**.  This Agreement shall not become effective until the latest occurrence of: (1) counsel for Jimenez providing to Newcastle a completed IRS Form W-9 with respect to all recipients of the Gross Settlement Proceeds and (2) counsel for Jimenez filing with the court the Notice of Voluntary Dismissal With Prejudice, in the form attached hereto.

20.   **Severability**.  This Agreement and each of its parts shall be severable and, if any provision is determined to be void, invalid or unenforceable, the remainder of this Agreement shall be fully enforced without such term(s).

21.   **Headings**.  Headings in this Agreement are for convenience only and shall have no legal effect.

22.   **Full Understanding**.  Jimenez agrees that the terms of this Agreement are clear, are written in language which he understands and that he has a full understanding of the terms and significance of this Agreement.

23.   **Right to Counsel**.  Jimenez has hereby been advised in writing to consult with an attorney before executing this Agreement and represents that he has, in fact, consulted with his

attorneys, Rapaport Law Firm, PLLC, to the extent he deems appropriate. Jimenez has had a full opportunity to review this Agreement and has done so. Jimenez understands the nature of the general release of all claims contained in this Agreement and intends to be legally bound by it. Jimenez has been represented by legal counsel in relation to this Agreement and is satisfied with the representation provided by his legal counsel.

24. **Execution of Documents**. Jimenez agrees to execute any documents and to take any other actions necessary to implement the terms of this Agreement, including but not limited to providing any requested tax information and to execute any documents necessary to withdraw and close any complaints or any other proceedings.

25. **Prior Agreements**. The terms of this Agreement shall supersede any prior agreements between the parties and terminate each of the parties' respective obligations and entitlements under such prior agreements.

26. **Entire Agreement**. This Agreement sets forth the terms of the entire agreement between Jimenez and Newcastle. It is understood that if this Agreement is not executed by Jimenez, the terms of this Agreement shall be null, void, ineffective and unenforceable. Jimenez shall not be entitled to any benefit or consideration not set forth in this Agreement nor shall Jimenez be entitled to any duplication of the consideration or benefits described in this Agreement. No oral statement of any person whatsoever shall in any manner or degree modify or otherwise affect the terms and provisions of this Agreement.

**On Behalf of Newcastle Realty Services LLC**

By: _____

Dated: _____5/1/18_____

**On Behalf of 146 East 19th Street LLC**

By: _____

Dated: _____

- 7 -

attorneys, Rapaport Law Firm, PLLC, to the extent he deems appropriate. Jimenez has had a full opportunity to review this Agreement and has done so. Jimenez understands the nature of the general release of all claims contained in this Agreement and intends to be legally bound by it. Jimenez has been represented by legal counsel in relation to this Agreement and is satisfied with the representation provided by his legal counsel.

24. **Execution of Documents**. Jimenez agrees to execute any documents and to take any other actions necessary to implement the terms of this Agreement, including but not limited to providing any requested tax information and to execute any documents necessary to withdraw and close any complaints or any other proceedings.

25. **Prior Agreements**. The terms of this Agreement shall supersede any prior agreements between the parties and terminate each of the parties' respective obligations and entitlements under such prior agreements.

26. **Entire Agreement**. This Agreement sets forth the terms of the entire agreement between Jimenez and Newcastle. It is understood that if this Agreement is not executed by Jimenez, the terms of this Agreement shall be null, void, ineffective and unenforceable. Jimenez shall not be entitled to any benefit or consideration not set forth in this Agreement nor shall Jimenez be entitled to any duplication of the consideration or benefits described in this Agreement. No oral statement of any person whatsoever shall in any manner or degree modify or otherwise affect the terms and provisions of this Agreement.

**On Behalf of Newcastle Realty Services LLC**

By: _____

Dated: _____


**On Behalf of 246 East 19th Street LLC**

By: _____, Treasurer of its Manager, GSA Manager Inc

Dated: _____ May 3, 2018 _____

- 7 -

On Behalf of GSA Manager Inc.

By: _____, Treasurer

Dated: _May 8, 2018_____

On Behalf of 120 East 19th Street GSA I LLC

By: _____, Treasurer of its Manager, GSA Manager Inc.

Dated: _May 8, 2018_____

_____

**Margaret Streicker Porres**

Dated: _____

_____

**James Jimenez**

Dated: _____

- 8 -

**On Behalf of GSA Manager Inc.**

By: _____

Dated: _____

**On Behalf of 120 East 19th Street GSA I LLC**

By: _____

Dated: _____


**Margaret Streicker Porres**

Dated: _____5/1/18_____


**James Jimenez**

Dated: _____

**On Behalf of GSA Manager Inc.**

By: _____

Dated: _____

**On Behalf of 120 East 19th Street GSA I LLC**

By: _____

Dated: _____


_____
**Margaret Streicker Porres**

Dated: _____


_____
**James Jimenez**

Dated:  5/1/18  _____