# RAPAPORT LAW FIRM

---

ATTORNEYS AT LAW
ONE PENN PLAZA, SUITE 2430
*NEW YORK, NEW YORK 10119*
PHONE: 212-382-1600
www.rapaportlaw.com

August 8, 2017

**BY HAND**
James Jimenez
1019 Longwood Ave
Bronx, NY

Dear Mr. Jimenez:

This letter will set forth the terms of our agreement to represent you with respect to your claims against your employer NEWCASTLE REALTY SERVICES, and other affiliated entities which may qualify as your employer under the NYLL and FLSA, for past due wages, including overtime claims and minimum wage claims. .

We prefer to work on an hourly basis, where we are compensated at our hourly rate based on the number of hours spent on a particular matter. We understand that you may not be in a position to pursue the case on that basis. Therefore, subject to investigation of your claims, we would be willing to purse the case on a contingency basis as set forth below.

We will represent you in connection with your wage claims for a contingency fee, which shall be thirty-three percent (33 %) of the net recovery. "Net recovery" means the amount of any settlement or judgment less reimbursement to us of any unreimbursed expenses. Expenses to be reimbursed include all disbursements incurred during the course of the representation, including expert fees, facsimile charges, Lexis/Nexis legal research, photocopies, deposition transcripts, filing fees, travel expenses, and telephone charges. The costs necessary to prosecute and/or settle Clients' claims ("Costs") may be advanced by our law firm. Costs may include filing, expert and jury fees, service of papers, transcripts, travel expenses, postage and photocopies (25 cents/page). You acknowledge that we have made no promises about the total amount of Costs. It is further understood and agreed that Costs and disbursements are taken off the top (reimbursed to the lawsuit) from the proceeds of the case, and the contingent fee is calculated based on the "net" recovery.

Given the nature of the claims to be brought against the Defendants, and the availability of fee shifting statutes, we may, if appropriate, seek an order from the Court requiring the Defendants to pay litigation expenses and attorneys' fees. We further understand that in making such application, the Law Firm will calculate their fees using the "loadstar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. You agree and understand that the amount of

James Jimenez
August 8, 2017
Page 2

such attorneys' award against the Defendants and payable to the Law Firm may exceed 33% of the net recovery. In such instance, our Law Firm may receive legal fees substantially above the contingency percentage (33%, respectively) provided for above.

      This agreement does not apply to any Appeals or Post-Judgment actions, proceedings or applications, and that, if such engagement were to be accepted by this firm in the future, the firm's representation would have to be memorialized by the execution of another and separate Retainer Agreement. However, this retainer agreement in no way obligates the firm to accept any such engagement in the future.

      It is specifically acknowledged by you that our firm has made no representation to you, express or implied, concerning the outcome of the issues concerning this retainer agreement, including but not limited to any litigation, administrative hearings, arbitrations, or negotiations performed on your behalf. You further acknowledge that our firm has not guaranteed and cannot guarantee the success of any action taken on your behalf with respect to any matter herein. On the contrary, we have discussed the fact that the outcome of any case, including this matter, is uncertain.

      In order to facilitate the progress of this case, our firm may pay for certain costs and expenses. These costs and/or expenses typically include filing fees; court reporter fees; expert fees; and similar items. Such costs and expenses are to be reimbursed to our office.

      You understand that at various times during this case, you may be required to assist us on short notice. This may involve meetings in our office; execution of various legal documents; depositions; and court appearances. You are required to fully participate, even in instances when you have other, previously scheduled activities. You will be required to put this case ahead of other responsibilities in your life.

      You further understand that in pursuing this case, you will be required to fully disclose medical conditions and other aspects of your life. There may be instances where such disclosure may lead to discomfort or embarrassment. Defense counsel will subject you to uncomfortable cross examination. You will be required to put this case ahead of other responsibilities in your life.

      In the event that we have a fee dispute, by signing this retainer letter, you are agreeing that we will submit the fee dispute to free, binding arbitration before the Joint Committee on Fee Disputes and Conciliation as administered by the New York County Lawyer's Association (NYCLA). The Joint Committee provides a fair and rapid method of resolving disputes. We encourage you to visit NYCLA's website at www.nycla.org or call NYCLA at (212) 267-6646 to obtain more information.

      From what you have told us, your case has promise. However, we cannot guarantee success. In the event that we elect, after investigation of your claims, not to pursue representation, we shall advise you promptly in writing of that fact. If the terms and conditions set forth herein meet with your approval, kindly sign your name where indicated.

James Jimenez
August 8, 2017
Page 3

      We look forward to working with you in pursuing your legal claims.

                                        Sincerely,

                                        Marc A. Rapaport

The foregoing is agreed to:

By: _____
      James Jimenez

**RAPAPORT LAW FIRM**

ATTORNEYS AT LAW
ONE PENN PLAZA, SUITE 2430
NEW YORK, NEW YORK 10119
PHONE: 212-382-1600
www.rapaportlaw.com

October 13, 2017

**BY HAND**
Emanuel Amadis
1663 Eastburn St.
Bronx, NY 10457

Dear Mr. Amadis:

    This letter will set forth the terms of our agreement to represent you with respect to your claims against your employers NEWCASTLE REALTY SERVICES, and other affiliated entities which may qualify as your employer under the NYLL and FLSA, for past due wages, including overtime claims and minimum wage claims. .

    We prefer to work on an hourly basis, where we are compensated at our hourly rate based on the number of hours spent on a particular matter. We understand that you may not be in a position to pursue the case on that basis. Therefore, subject to investigation of your claims, we would be willing to purse the case on a contingency basis as set forth below.

    We will represent you in connection with your wage claims for a contingency fee, which shall be thirty-three percent (33 %) of the net recovery. "Net recovery" means the amount of any settlement or judgment less reimbursement to us of any unreimbursed expenses. Expenses to be reimbursed include all disbursements incurred during the course of the representation, including expert fees, facsimile charges, Lexis/Nexis legal research, photocopies, deposition transcripts, filing fees, travel expenses, and telephone charges. The costs necessary to prosecute and/or settle Clients' claims ("Costs") may be advanced by our law firm. Costs may include filing, expert and jury fees, service of papers, transcripts, travel expenses, postage and photocopies (25 cents/page). You acknowledge that we have made no promises about the total amount of Costs. It is further understood and agreed that Costs and disbursements are taken off the top (reimbursed to the lawsuit) from the proceeds of the case, and the contingent fee is calculated based on the "net" recovery.

    Given the nature of the claims to be brought against the Defendants, and the availability of fee shifting statutes, we may, if appropriate, seek an order from the Court requiring the Defendants to pay litigation expenses and attorneys' fees. We further understand that in making such application, the Law Firm will calculate their fees using the "loadstar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. You agree and understand that the amount of

Emanuel Amadis
October 13, 2017
Page 2

such attorneys' award against the Defendants and payable to the Law Firm may exceed 33% of the net recovery. In such instance, our Law Firm may receive legal fees substantially above the contingency percentage (33%, respectively) provided for above.

    This agreement does not apply to any Appeals or Post-Judgment actions, proceedings or applications, and that, if such engagement were to be accepted by this firm in the future, the firm's representation would have to be memorialized by the execution of another and separate Retainer Agreement. However, this retainer agreement in no way obligates the firm to accept any such engagement in the future.

    It is specifically acknowledged by you that our firm has made no representation to you, express or implied, concerning the outcome of the issues concerning this retainer agreement, including but not limited to any litigation, administrative hearings, arbitrations, or negotiations performed on your behalf. You further acknowledge that our firm has not guaranteed and cannot guarantee the success of any action taken on your behalf with respect to any matter herein. On the contrary, we have discussed the fact that the outcome of any case, including this matter, is uncertain.

    In order to facilitate the progress of this case, our firm may pay for certain costs and expenses. These costs and/or expenses typically include filing fees; court reporter fees; expert fees; and similar items. Such costs and expenses are to be reimbursed to our office.

    You understand that at various times during this case, you may be required to assist us on short notice. This may involve meetings in our office; execution of various legal documents; depositions; and court appearances. You are required to fully participate, even in instances when you have other, previously scheduled activities. You will be required to put this case ahead of other responsibilities in your life.

    You further understand that in pursuing this case, you will be required to fully disclose medical conditions and other aspects of your life. There may be instances where such disclosure may lead to discomfort or embarrassment. Defense counsel will subject you to uncomfortable cross examination. You will be required to put this case ahead of other responsibilities in your life.

    In the event that we have a fee dispute, by signing this retainer letter, you are agreeing that we will submit the fee dispute to free, binding arbitration before the Joint Committee on Fee Disputes and Conciliation as administered by the New York County Lawyer's Association (NYCLA). The Joint Committee provides a fair and rapid method of resolving disputes. We encourage you to visit NYCLA's website at www.nycla.org or call NYCLA at (212) 267-6646 to obtain more information.

    From what you have told us, your case has promise. However, we cannot guarantee success. In the event that we elect, after investigation of your claims, not to pursue representation, we shall advise you promptly in writing of that fact. If the terms and conditions set forth herein meet with your approval, kindly sign your name where indicated.

Emanuel Amadis
October 13, 2017
Page 3

    We look forward to working with you in pursuing your legal claims.

                                              Sincerely,

                                              Marc A. Rapaport

The foregoing is agreed to:

By: _____
Emanuel Amadis
October 13, 2017