

www.millerlaw.nyc

Meredith R. Miller, Esq.

Miller Law, PLLC
167 Madison Avenue, Suite 503
New York, NY 10016

Tel: (347) 878-2587
Fax: (866) 495-6719
meredith@millerlaw.nyc

June 25, 2018

**Via ECF and U.S. Mail (Courtesy Copy)**
Honorable William H. Pauley, III, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *Amadis, et al. v. Newcastle Realty Services, LLC, et al.*
              **Docket No. 17-cv-8116**

Dear Judge Pauley:

This firm is co-counsel to Plaintiffs Emanuel Amadis and James Jimenez (collectively "Plaintiffs") in the above-referenced matter. Pursuant to Your Honor's Memorandum & Order dated June 7, 2018 (DE 40) (the "Order"), Plaintiffs write jointly with Defendants to request that the Court approve the revised settlement agreements (the "Revised Agreements") pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The Revised Agreements are submitted simultaneously with this letter as Exhibit 1 hereto. Plaintiffs' counsel further renews the request for approval of attorneys' fees and costs.

**Joint Request for Approval of Revised Agreements Pursuant to *Cheeks*.**

In the Revised Agreements, the parties are confident we have eliminated the fairness concerns detailed in the Order. In retrospect, counsel for Plaintiffs and Defendants agree that we would have handled the matter differently and regret the way settlement was approached. That said, the parties want to assure the Court that there was no motivation to conceal the original agreements from the Court.

Indeed, from Plaintiffs' perspective, we were aware that Defendants were overreaching in light of *Cheeks*, but we focused on what our clients cared most about (payment for unpaid wages) and erred on the side of getting our clients the settlement that they desperately wanted. Plaintiffs very much favor this settlement and counsel has been guided by their emphatic support, which may have lead to our lessened attentiveness concerning the non-monetary aspects of the original settlement agreements. From Defendants' perspective, they realize they may have been overzealous in light of the balance of equities that *Cheeks* requires, which is why they were willing to renegotiate in good faith both the monetary and non-monetary terms of the settlement.

The Revised Agreements, the product of continued, arms-length negotiations, meet the requirements for approval pursuant to *Cheeks*. The releases are now mutual and limited and the confidentiality provision, among the other provisions identified by the Court as problematic, have been entirely removed. The financial terms of the Revised Agreements are substantially the

same as the financial terms that were set forth in the previous versions. But having further considered the requirements and spirit of *Cheeks*, and to provide additional compensation to Plaintiffs who have suffered delays in receiving the anticipated proceeds of settlement, the Parties have agreed to provide each Plaintiff with additional compensation of $2,700 by (a) increasing the gross settlement amount payable by Defendants to each Plaintiff by $1,000 (a $2,000 overall increase) and (b) reducing by $1,700 the portion of the settlement amount that had previously been allocated to attorneys' fees and costs (a $3,400 overall reduction in attorneys' fees). Therefore, the Parties request that the Revised Agreements be approved by the Court.

**Plaintiffs' Application for Attorneys' Fees.**

Plaintiffs renew the application for attorneys' fees and costs. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his or her own compensation did not have an adverse impact on the extent of relief counsel obtained for the client. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

The settlement provides Plaintiffs' attorneys with reimbursement of costs totaling $3,010.00 and attorneys' fees in the amount of $17,928, split equally between the Plaintiffs ($10,469 each). As explained above, the Revised Agreements have reduced each Plaintiff's attorneys' fees by $1,700 (a total of $3,400).

Plaintiffs' counsel seeks approval these fees, which represent approximately 24% of the net total settlement amount of $73,490, i.e., after reimbursement of $3,010.00 in costs. Plaintiffs' counsel represent Plaintiffs on a contingent basis, pursuant to retainer agreements, which provide for attorneys' fees of one-third of the net recovery. Copies of the retainer agreements were attached to the previous *Cheeks* submission (DE 39) as Exhibit 2. The early settlement, as well as compensating Plaintiffs for the delay occasioned by the need to revise the settlement agreements, is why Plaintiffs' counsel has discounted the fee from the agreed 33% to approximately 24%, even though contingency fees of one-third are routinely approved in this Circuit. *Sierra v. Mid City Gym and Tanning LLC*, No. 16 Civ. 2892, 2017 WL 4862070 *4 (S.D.N.Y. Oct. 25, 2017); *In Gaspar v. Personal Touch Moving, Inc.,* No. 13 Civ. 8187, 2015 WL 7871036 *2 (S.D.N.Y. Dec. 3, 2015).

Counsels' expenses and time spent on this matter up to the date of the previous *Cheeks* submission (DE 39) are set forth in the accurate, detailed and contemporaneous records attached as Exhibits 3 and 4 to that submission. With the voluntary reduction of attorneys' fees, the request is now less than the lodestar as of the date of the previous *Cheeks* submission.

* * *

The parties jointly and respectfully request that the Court approve the Revised Agreements. Plaintiffs further request that the Court approve the amount of legal fees requested herein.

Should Your Honor have any questions or concerns regarding the Revised Agreements,

the parties are happy to discuss them. The parties thank the Court for its attention to this matter.

            Respectfully yours,

            Meredith R. Miller

Encl. (Exhib. 1 – Revised Agreements)

cc: David L. Weissman, Esq. (*Via ECF only*)
   Jill R. Cohen, Esq. (*Via ECF only*)